UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| US RIGHT TO KNOW <br> 4096 Piedmont Avenue, # 963 <br> Oakland, CA 94611-5221 <br> <br>    Plaintiff, <br> v. <br> <br> NATIONAL NUCLEAR SECURITY <br> ADMINISTRATION <br> Albuquerque, NM 87116 <br> <br>    and <br> <br> U.S. DEPARTMENT OF ENERGY <br> 1000 Independence Avenue SW <br> Washington, DC 20585 <br> <br>    Defendants. | Civil Case No. 1:23-cv-343 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff US RIGHT TO KNOW ("USRTK") for its complaint against Defendant NATIONAL NUCLEAR SECURITY ADMINISTRATION ("NNSA") and the U.S. DEPARTMENT OF ENERGY ("DoE"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records and/or a lawful response on the part of the Defendants to a February 28, 2023 request for certain described agency records, which was addressed to the Department of Energy and transferred to the National Nuclear Security Administration on March 10, 2023.

2) NNSA is a constituent part of the US Department of Energy, such that DoE essentially "transferred" the FOIA request at issue to itself. Although Defendants have each

1

acknowledged Plaintiff's request, they have entirely failed in any way to act on such request and have failed to issue a timely or lawful "determination" regarding the request.

3) The records Plaintiff seeks in this case are central to a matter of timely, current political and legal deliberations, and are of great public interest and policy and legal significance. Specifically, the records relate to the origins of the COVID-19 pandemic.

4) A true and correct copy of the FOIA request that is at issue is attached hereto as Exhibit A.

5) A true and correct copy of the DoE's response to the FOIA request that is at issue is attached hereto as Exhibit B. In that response, DoE purported to "transfer" the request to NNSA, but did not make any "determination" with respect to the request or inform USRTK of any administrative appellate rights.

6) A true and correct copy of the NNSA's acknowledgement of the "transferred" request is attached hereto as Exhibit C.

7) Since the date of the NNSA's letter referenced above, Plaintiff has received no further communications from NNSA.

8) Plaintiff requested fee waiver on multiple bases, but Defendants have not made any determination relating to the Plaintiff's fee waiver request(s). Nor have defendants made a determination to properly and timely process the Plaintiff's request.

9) Defendants' failure to timely provide Plaintiff with the requested records or to timely make a determination within the 20-day time limit established under, *inter alia*, 5 U.S.C.S. § 552(a)(6)(A)(i), violates FOIA. This violation is made plain in *Citizens for Responsibility and Ethics in Washington (CREW) v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013). That case explains that a FOIA "determination" requires

more than a mere letter acknowledging the existence of a request and that the failure to timely make a "determination" renders a case ripe for judicial review.

10) Defendants' failure to respond in any meaningful way, whatsoever, to Plaintiff's request, despite the passage of approximately two months, has constructively exhausted all of Plaintiff's administrative remedies, leaving Plaintiff no choice but to file this lawsuit to compel Defendants to comply with the law regarding release of agency records and the making of a determination.

11) In this context, Plaintiff asks this Court to compel Defendants to search for and release records responsive to its FOIA request, and to provide an index of any claimed exempt material for purposes of further judicial review.

## PARTIES

12) Plaintiff USRTK is a nonprofit investigative research group focusing on promoting transparency for public health. It works globally to expose corporate wrongdoing and government failures that threaten our health, environment, or food system. Since 2015, it has obtained, posted online, and shared with the media, thousands of industry and government documents, including many obtained through judicial enforcement of open records laws. Tens of thousands of pages of documents obtained by USRTK are now available online for free public access.

13) Defendant U.S. Department of Energy ("DoE") is a federal agency headquartered in Washington, DC. It is sued for its own actions as well as the actions of its constituent organization known as the National Nuclear Security Administration.

14) Defendant National Nuclear Security Administration is a part of the U.S. Department of Energy. It operates from various locations across the United States, and its General Counsel's office is located in Albuquerque, New Mexico.

## JURISDICTION AND VENUE

15) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of New Mexico, which is where the records at issue in this case are likely situated and is the location where such records are being processed for release to Plaintiff. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

16) Venue is proper in the U.S. District Court for the District of New Mexico under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are likely managed from within the environs of Albuquerque, New Mexico (insofar as correspondence indicates the request at issue was "transferred" to the NNSA and relevant correspondence since that "transfer" has been marked with an Albuquerque return address) and because defendants are each a federal agency or a component part of a federal agency with an office or offices in this District.

## STATUTORY BACKGROUND

17) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

18) 5 U.S.C.S. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the

4

requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Neither apply here because Defendants did not seek additional information from Plaintiff regarding the request at issue in this suit.

19) Defendants each owed USRTK a response to its FOIA request, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), within 20 days of their receipt of the request (or at the latest 30 days from receipt of the request, if Defendants had demonstrated "unusual circumstances" truly prevented an earlier response). To date, however, Defendants have provided no substantive response or "determination" with respect to the request at issue.

20) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011), this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

21) Defendants are now past their statutory period for issuing determinations on the above-described request. Further, that time has elapsed without the Defendants having provided any substantive response to Plaintiff's request. Among the consequences of Defendants' violation(s) of the statutory time limits of FOIA, including their failure to timely respond

to the request filed by the Plaintiff with DoE and transferred to NNSA, is that Defendants cannot now seek fees.

22) On information and belief, Defendants are improperly failing to search for records in a timely fashion or unlawfully delaying conducting an adequate search for responsive records. As a result, Defendants have constructively denied Plaintiff access to records under FOIA and/or are denying Plaintiff access to agency records and a lawful determination with respect to such records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

23) Plaintiff re-alleges paragraphs 1-22 as if fully set out herein.

24) On information and belief, records responsive to Plaintiff's FOIA request at issue in this action exist and are in the possession of the Defendants or of one of the Defendants.

25) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26) Plaintiff has a statutory right to the information it seeks and that Defendants have unlawfully withheld.

27) Plaintiff is not required to pursue administrative remedies, or alternatively has constructively exhausted such remedies.

28) Plaintiff asks this Court to enter a judgment declaring that:

   a.  Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendants failed to provide them; and that

   b.  Defendants' processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy Defendants' obligations under FOIA; and that

    c.    Defendants must now produce records responsive to Plaintiff's request and must do so at no cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

29) Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30) Plaintiff is entitled to injunctive relief compelling Defendants to search for and produce the records responsive to the FOIA request described in this pleading without cost to the Plaintiff.

31) Plaintiff asks the Court to enter an injunction ordering Defendants to search for and produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto.

32) Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

33) Plaintiff re-allege paragraphs 1-32 as if fully set out herein.

34) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35) This Court should enter an injunction or other appropriate judgment or order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

7

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 24th day of April, 2023

        US RIGHT TO KNOW
        By Counsel:


        /s/Matthew D. Hardin
        Matthew D. Hardin, NM Federal Bar No. 23-124
        Hardin Law Office
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 802-1948
        Email: MatthewDHardin@protonmail.com